# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *
PEGGY W. VICE, as legal representative  
of the Estate of MICHAEL LOUIE VICE,  

         Petitioner,  

v.  

SECRETARY OF HEALTH  
AND HUMAN SERVICES,  

         Respondent.  
* * * * * * * * * * * * * * * * * * * * * * * *

No. 17-1568V

Special Master Christian J. Moran

Filed:  March 27, 2023

M. Clay Ragsdale, Ragsdale LLC, Birmingham, AL, for petitioner;  
Mallori Openchowski, United States Dep't of Justice, Washington, DC, for respondent.

### PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

    Seeking compensation pursuant to the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10 through 34 (2012), Ms. Vice, as the representative of the estate of her husband (Michael Vice), claims that an influenza vaccine and a pneumococcal vaccine caused Mr. Vice an injury that led to his death. Ms. Vice's counsel of record is Mr. M. Clay Ragsdale.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Ms. Vice moved for an award of attorneys' fees and costs on an interim basis, requesting $123,725.30 in fees and $14,947.98 in costs, for a total of $138,673.28.  Pet'r's Mot., filed Dec. 13, 2022.  Ms. Vice did not incur any costs personally.  Pet'r's Mot., Exhibit D.  The Secretary deferred to the undersigned's assessment.

For the reasons that follow, **Ms. Vice is awarded $121,473.28**.  An additional portion is deferred.

*   *   *

Ms. Vice's motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question.  First, is Ms. Vice eligible under the Vaccine Act to receive an award of attorneys' fees and costs?  Second, as a matter of discretion, should Ms. Vice be awarded her attorneys' fees and costs on an interim basis?  Third, what is a reasonable amount of attorneys' fees and costs?  These questions are addressed below.

### A.    Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343 at 1352 (Fed. Cir. 2008).  Since Ms. Vice has not received compensation from the Program, she may be awarded "compensation to cover [her] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim."  42 U.S.C. § 300aa-15(e)(1).  As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs.  Simmons v. Sec'y of Health & Hum. Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

#### 1.    Good Faith

"Good faith" is a subjective standard.  Id.; Hamrick v. Sec'y of Health & Hum. Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).  A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred.  Turner v. Sec'y of Health & Hum. Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  The Secretary has

2

not challenged Ms. Vice's good faith here, and there is little doubt that Ms. Vice brought the claim with an honest belief that a vaccine injury occurred.

### 2. Reasonable Basis

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence. Simmons, 875 F.3d at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence. See Chuisano v. Sec'y of Health & Hum. Servs., No. 07-452V, 2013 WL 6234660 at *12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Here, Ms. Vice supports the claim set forth in her petition with reports from an expert she retained, Chander Raman, who has a Ph.D. in microbiology. Exhibit 49. Dr. Raman's reports are exhibits 27 and 47. These reports substantiate Ms. Vice's reasonable basis.

### B. Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right. Avera, 515 F.3d at 1352. Instead, petitioners must demonstrate "undue hardship." Id. The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. The Federal Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained. Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding." In this case, however, an interim award of some amount appears appropriate. Indeed, the proceedings have been ongoing for more than three years and Ms. Vice's counsel has expended funds on multiple expert reports.

These showings sufficiently demonstrate an undue hardship. Accordingly, it is appropriate that she receive an interim award for her attorney's expenses through December 7, 2022.

### C.  Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Hum. Servs., 139 Fed. Cl. 238 (2018).

#### 1.  Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. See Blum, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. at 895 n.11. A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. Avera, 515 F.3d at 1349. If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall." Id.; see Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. McCulloch v. Sec'y of Health & Hum. Servs., No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), mot. for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules starting in 2015 can be accessed online.[2]

Ms. Vice proposes various rates for Mr. Ragsdale, his associates, and staff. Given Mr. Ragsdale's level of experience, the undersigned finds these rates to be

---

[2] The Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

4

reasonable, except for one paralegal. See Critten v. Sec'y of Health & Hum. Servs., No. 19-1971V, 2022 WL 5419863, at *2 (Fed. Cl. Spec. Mstr. Aug. 31, 2022). This change results in a deduction of $60.00.

### 2. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton, 3 F.3d at 1521. The Secretary did not challenge any of the requested hours as unreasonable.

Mr. Ragsdale's time entries generally provide adequate detail to assess reasonableness. A few items are noteworthy.

Clerical Matters. Paralegals have infrequently charged for some tasks that are clerical in nature, such as filing and organizing documents. These should not be charged at all. See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). To accomplish rough justice, $1,500 is deducted.

Travel. Before the coronavirus pandemic increased the use of videoconferencing, Ms. Riley traveled to meet her client. See entries for Oct. 12, 2017. Ms. Riley has charged for her time traveling (at a half-rate) and incurred expenses, which she split with another case. Ms. Riley's travel is accepted as reasonable.

However, reimbursement for future trips to meet with clients (apart from preparing to testify) is not guaranteed. Videoconferencing may be an adequate way for attorneys and clients to communicate. Many attorneys represent petitioners in the Vaccine Program without traveling for in-person meetings. Thus, Mr. Ragsdale and his colleagues are advised that costs associated with travel to meet clients apart from a hearing may not be reimbursed.

Block-Billing. At beginning of the case, Mr. Ragsdale and Ms. Riley were advised about the need to avoid lumping multiple activities together. "Each discrete task should have a specific entry. A rule of thumb is that tasks that require more than one hour should be further refined." Order, issued Oct. 30, 2017, at 4. Nevertheless, a handful of entries charge more than one hour without much detail.

See, e.g., entries for Oct. 17, 2017; July 22, 2020; Apr. 16, 2021; Aug. 10, 2021; Mar. 11, 2022.  To adjust for these vague entries, $2,000 is deducted.

Pre-Adjudication Memorandum.  A November 2, 2021 order required that Ms. Vice advocate why she is entitled to compensation.  Accordingly, Mr. Ragsdale and Ms. Riley spent the equivalent of multiple workdays preparing Ms. Vice's brief.  See entries starting Jan. 24, 2022.  At times, Mr. Ragsdale and Ms. Riley also specified which portions of the briefs they were writing.  See entry for Mar. 16, 2022 ("continued prep of Althen sections re articles relied upon (Exs 33, 21, 24, 53 – Lau, Kaleem, Boomer, Fang").  This level of detail promotes an understanding about the reasonableness of the activity.  On the other hand, some entries lack specificity.  See entries for Aug. 3. 2022 ("brief prep." and "prep reply brief").  Mr. Ragsdale and Ms. Riley are encouraged to explain their entries in more detail.  But, having instructed Mr. Ragsdale to produce a quality submission, the undersigned sees no reason to reduce any of the hours spent, especially given the lack of objection from the Secretary.

Accordingly, Ms. Vice is awarded attorneys' fees in the amount of $120,165.30 ($123,725.30 - $60 - $1,500 - $2,000).

3. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira v. Sec'y of Health & Hum. Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  For attorneys' costs through July 15, 2022, Ms. Vice requested $14,947.98, consisting of filing fees, acquiring medical records, travel expenses, and retaining and compensating Dr. Raman.  See Pet'r's Mot. at 12.  The non-expert-related costs total $1,307.98.  Ms. Vice has provided adequate documentation for these costs.

For the expert-related costs, Ms. Vice has requested compensation for the expert fees of Dr. Raman, totaling $13,640.  Reasonable expert fees are also determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours.  See Chevalier v. Sec'y of Health & Hum. Servs., No. 15-001V, 2017 WL 490426, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017).  A reasonable hourly rate for an expert depends, in part, on the quality of the expert's work.  Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 218-25 (2009).

6

Two independent reasons support the deferral of reimbursement of costs for Dr. Raman. First, Ms. Vice has requested compensation for Dr. Raman at a rate higher than he has been compensated, as she acknowledges. See Pet'r's Mot. at 11 n.7. However, Ms. Vice has not submitted any evidence to support the increase. Accordingly, in a motion for final fees, Ms. Vice is encouraged to justify the reasonableness of Dr. Raman's proposed rate with evidence.

Second, the undersigned has not heard Dr. Raman testify. Because the quality of the expert's work is a factor that should be considered when determining the appropriate rate, it is advantageous to have heard the expert witness's testimony before making this determination when possible. See Schultz v. Sec'y of Health & Human Servs., No. 16-539V, 2019 WL 5098963, at *4-5 (Fed. Cl. Spec. Mstr. Aug. 28, 2019) (denying mot. for reconsideration on this point); Jones v. Sec'y of Health & Hum. Servs., No. 16-864V, 2019 WL 5098965, at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2019); Nifakos v. Sec'y of Health & Hum. Servs., No. 14-236V, 2018 WL 7286553, at *5 (Fed. Cl. Spec. Mstr. Dec. 12, 2018) (deferring award when expert's invoice is not detailed); Al-Uffi v. Sec'y of Health & Hum. Servs., No. 13-956V, 2015 WL 6181669, at *14 (Fed. Cl. Spec. Mstr. Sept. 30, 2015) (noting that interim expert costs are more commonly awarded after a hearing). Thus, the cost associated with Dr. Raman is deferred.

## Conclusion

Accordingly, Ms. Vice is awarded a **lump sum of $121,473.28** in the form of a check made payable to Ms. Vice and Ms. Vice's attorney, Mr. Ragsdale.

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).