# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * *
PEGGY W. VICE, \*
*as legal representative of the Estate* \*
*of* MICHAEL LOUIE VICE, \*
                                    \*   No. 17-1568V
              Petitioner,   \*   Special Master Christian J. Moran
                                    \*
v.                                   \*
                                    \*   Filed: October 15, 2024
SECRETARY OF HEALTH   \*
AND HUMAN SERVICES,   \*
                                    \*
              Respondent.   \*
* * * * * * * * * * * * * * * * * * * * * * *

Milton Clay Ragsdale, IV, Ragsdale LLC, Birmingham, AL, for Petitioner;
Madylan Louise Yarc, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On October 10, 2024, the parties filed a joint stipulation concerning the petition for compensation filed by Peggy Vice on October 19, 2017. Petitioner alleged that the influenza vaccine Michael Louie Vice received on October 22, 2015, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused Mr. Vice to suffer from a Table injury of anaphylaxis and that his death on October 23, 2015, was a sequela of the anaphylaxis. Alternatively, petitioner alleges that Mr. Vice suffered anaphylaxis, septic shock, and death

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

caused-in-fact by the flu vaccine and/or the pneumococcal vaccine. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Mr. Vice's behalf as a result of Mr. Vice's condition or death.

Respondent denies that Mr. Vice's alleged anaphylaxis, septic shock, or residual effects were caused-in-fact by the flu and/or pneumococcal vaccines; and denies that the flu and/or pneumococcal vaccines caused decedent any other injury or decedent's death.  Nevertheless, the parties agree to the joint stipulation, attached hereto.  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum of $117,500.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

PEGGY W. VICE, as legal representative of
the Estate of MICHAEL LOUIE VICE,

    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

    Respondent.

No. 17-1568V
Special Master Christian J. Moran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Peggy W. Vice ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"), as legal representative of the estate of Michael Louie Vice ("decedent").[1] The petition seeks compensation for injuries allegedly related to decedent's receipt of an influenza ("flu") vaccine and "pneumococcal 13" vaccine, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Decedent received the flu and pneumococcal vaccines on or about October 22, 2015.[2]

3. The vaccinations were administered within the United States.

---

[1] Decedent's birth certificate lists his name as "Louie Michael Vice," but he used the name "Michael Louie Vice," which is reflected in his medical records and death certificate.

[2] The petition alleged that petitioner received the "pneumococcal 13" vaccine, but did not provide evidence sufficient to determine whether decedent received a pneumococcal conjugate vaccine, which is contained in the Vaccine Injury Table, or pneumococcal polysaccharide vaccine, which is not.

4. Petitioner alleges that decedent suffered a table injury of anaphylaxis within hours of receipt the flu vaccine and that his death on October 23, 2015, was a sequela of the anaphylaxis. Alternatively, petitioner alleges that decedent suffered anaphylaxis, septic shock, and death caused-in-fact by the flu vaccine and/or the pneumococcal vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on decedent's behalf as a result of decedent's condition or death.

6. Respondent denies that decedent's alleged anaphylaxis, septic shock, or residual effects were caused-in-fact by the flu and/or pneumococcal vaccines; and denies that the flu and/or pneumococcal vaccines caused decedent any other injury or decedent's death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

**A lump sum of $117,500.00 in the form of a check payable to petitioner as legal representative of decedent's estate.**

This amount represents all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before

the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of decedent's estate under the laws of the State of Alabama. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of decedent's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of decedent's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of decedent's estate upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity and as legal representative of decedent, on petitioner's own behalf, and on behalf of decedent's heirs, executors, administrators, successors, or assigns, does forever

irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses, and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of decedent resulting from, or alleged to have resulted from, the vaccines administered on or about October 22, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about October 19, 2017, in the United States Court of Federal Claims as petition No. 17-1568V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines caused decedent's alleged injury, or any other injury or decedent's death.

17. All rights and obligations of petitioner hereunder in petitioner's capacity as legal representative of decedent's estate shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

PETITIONER:

*Peggy W. Vice*
Peggy W. Vice (Oct 4, 2024 13:46 CDT)

PEGGY W. VICE

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*

Milton Clay Ragsdale IV
Ragsdale L.L.C.
517 Beacon Parkway West
Birmingham, Alabama 35209
(205) 290-6800
clay@ragsdalellc.com

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2024.09.25 16:59:42 -04'00'      for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*

MADYLAN L. YARC
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 742-6376
Madylan.L.Yarc@usdoj.gov

Dated: 10/10/2024

6