# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | |
| PEGGY W. VICE, as legal representative of the Estate of MICHAEL LOUIE VICE, * * * | |
| * | No. 17-1568V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | |
| * | Filed: May 12, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, * * * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | |

<u>Milton Clay Ragsdale, IV and Allison Riley</u>, Ragsdale, LLC, Birmingham, AL, for Petitioner;

<u>Madylan Yarc</u>, United States Dep't of Justice, Washington, D.C., for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pursuant to 42 U.S.C. § 300aa-15(e), petitioner has requested a total of $94,148.24 in final attorneys' fees and costs. The undersigned tentatively found that petitioner requested a reasonable amount and was entitled to the full amount

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

requested. The undersigned allowed respondent an opportunity to comment. Respondent did not interpose any objections within the time permitted.

The attorneys' fees awarded in the present decision reflect charges beginning in December 2022, because petitioner was awarded attorneys' fees and costs on an interim basis. First Fees Decision, 2023 WL 2965245 (Mar. 27, 2023). They total $65,239.60. Nearly all of this work was associated with preparing for and participating in a one-day hearing during which petitioner, her expert (Dr. Chander Raman), and the respondent's expert testified. Additional time was spent on settling the case and preparing the pending motion for attorneys' fees. The number of hours spent on these activities are reasonable. Moreover, petitioner's attorney and attorney staff have requested hourly rates that are consistent with the rates previously awarded and/or reasonable. Thus, the amount of attorneys' fees requested is reasonable.

The costs associated Dr. Raman merit a short discussion. The First Fees Decision deferred compensation for Dr. Raman because petitioner had not justified his proposed hourly rate with evidence and because Dr. Raman had not testified. 2023 WL 2965245, at *4.

The situation now is different. Dr. Raman testified. His testimony did not raise any concerns about his qualifications or status as an expert. Moreover, petitioner supported Dr. Raman's proposed hourly rate with a declaration in which he asserted he has been compensated at a rate higher than requested. Pet'r's Mot., Exhibit C; see also Novartis AG v. Actavis Elizabeth LLC, C.A. No. 14-1487-LPS, 2017 WL 1398347 (D. Del. Apr. 17, 2017) (listing Dr. Raman as an expert in this litigation). Potentially weighing against Dr. Raman's proposed hourly rate is an argument that respondent pays his experts $375.00 per hour. Resp't's Resp., filed Nov. 26, 2024, at 5. This argument is relatively weak because respondent has not supported this assertion with evidence. See Gence v. Sec'y of Health & Hum. Servs., No. 22-0937V, 2024 WL 4792893 (Fed. Cl. Spec. Mstr. Oct. 21, 2024). Thus, the evidence preponderates in favor of paying Dr. Raman at the rate he has requested, which is $450 per hour. Furthermore, Dr. Raman has created an invoice that describes his activities with sufficient detail to determine that his activities took a reasonable amount of time.

Petitioner is also awarded the cost incurred for obtaining a transcript.

Petitioner is awarded $94,148.24.  This amount shall be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

3